Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Matthew S. Bellinger (SBN 222,228)
Matt.bellinger@knobbe.com
Brandon G. Smith (SBN 307,676)
brandon.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff
**simplehuman, LLC**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPLEHUMAN, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> VOLUME DISTRIBUTORS, INC., a California corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 2:23-cv-2219

**COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Plaintiff simplehuman, LLC ("simplehuman") hereby complains of Defendant Volume Distributors, Inc. ("Volume Brands" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. simplehuman seeks injunctive relief and damages for acts of patent infringement, trade dress infringement, false designation of origin, and unfair competition, engaged in by Defendant in violation of the laws of the United States and the State of California.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trade dress infringement, false designation of origin, and federal unfair competition pursuant to 35 U.S.C. §§ 271 and 281, 15 U.S.C. §§ 1116, 1121(a), and 1125(a), and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to simplehuman's federal claims within the Court's original jurisdiction that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendant because Defendant has a principal place of business in this judicial district and has a continuous, systematic, and substantial presence within this judicial district and within California. For example, Defendant maintains its corporate headquarters within this judicial district in the city of Vernon. Furthermore, Defendant has been selling and offering for sale infringing products in this judicial district, including, but not limited to, selling infringing products directly to consumers and/or retailers in this district and selling products into the stream of commerce knowing such products would be sold in California and this district. In addition, by committing

-1-

acts of patent infringement, trade dress infringement, false designation of origin, and unfair competition in this judicial district, including, but not limited to, by using infringing design elements in connection with the promotion, sale, and offer for sale of goods to customers in this judicial district, Defendant's acts form a substantial part of the events or omissions giving rise to simplehuman's claims.

4.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (d) and 1400(b) because Defendant has a continuous, systematic, and substantial presence within this district, has a regular and established place of business within this district, and has committed acts of infringement by promoting, selling and/or offering to sell infringing products in this district.

### THE PARTIES

5.    Plaintiff simplehuman is a California limited liability company having its principal place of business at 19850 Magellan Drive, Torrance, California 90502.

6.    simplehuman is informed and believes, and thereon alleges, that Defendant Volume Distributors, Inc. is a California corporation, having a principal place of business at 4199 Bandini Boulevard, Vernon, California 90058.

### GENERAL ALLEGATIONS

7.    simplehuman was founded in 2000 with the goal of designing a better trash can.  Since then, simplehuman has been engaged in the manufacture and sale of highly stylistic and distinctive trash cans, making it an indisputable leader in the market. simplehuman has leveraged this success to expand its product line to include a variety of innovations in other kitchen and bath tools.  Through the tireless efforts of its designers and engineers over more than two decades, simplehuman has become a leader in the innovation, design, and production of a variety of consumer home goods, including trash cans, mirrors, sensor pumps, dishracks, sink caddies, and more.

/ / /

8.      simplehuman protects its substantial investment in innovation and design from imitators with its intellectual property rights.

9.      On June 16, 2020, the USPTO duly and lawfully issued United States Patent No. 10,683,165 (the "'165 Patent"), titled "Trash Can Assembly." simplehuman is the assignee of the '165 Patent and holds all rights thereunder, including the right to sue for past infringement and standing to enforce the '165 Patent.  A true and correct copy of the '165 Patent is attached hereto as **Exhibit 1**.

10.    On March 14, 2023, the USPTO duly and lawfully issue United States Patent No. 11,603,263 (the "'263 Patent"), titled "Trash Can Assembly." simplehuman is the assignee of the '263 Patent and holds all rights thereunder, including the right to sue for past infringement and standing to enforce the '263 Patent.  A true and correct copy of the '263 Patent is attached hereto as **Exhibit 2**.

11.    Volume Brands manufactures, uses, sells, offers for sale, and/or imports into the United States trash cans that have infringed and continue to infringe simplehuman's patent rights, including the '165 Patent and '263 Patent.

12.    Since at least as early as 2015, simplehuman has manufactured and sold products bearing its unique Top Rim design, which has a distinctive, nonfunctional trade dress in its overall configuration ("Top Rim Trade Dress"). An example of a simplehuman product bearing the distinctive Top Rim Trade Dress is shown in the photograph below:



13.    The Top Rim Trade Dress is a trash can comprising a generally rectangular metallic body with rounded corners; a plastic base that has a different color than the body; a trim ring that is at least partially metallic and extends beyond the dimensions of the body and base; and metallic lid connected to the trim ring.

14.    simplehuman's products bearing the Top Rim Trade Dress have achieved remarkable success in the marketplace.

15.    simplehuman's products bearing the Top Rim Trade Dress are available in over a dozen countries, and in countless retail locations.  For example, simplehuman's products bearing the Top Rim Trade Dress are sold in numerous major U.S. retailers such as Amazon, Bed Bath & Beyond, Lowe's, Home Depot, Crate and Barrel, Pottery Barn, Best Buy, Williams Sonoma, West Elm, Staples, Office Depot, Nordstrom, Bloomingdale's, Macy's, The Container Store, Target, Walmart, and many others.

16.    simplehuman's products bearing the Top Rim Trade Dress have received significant unsolicited media attention.  Products bearing the Top Rim Trade Dress have been lauded by customers and the media, including *Good Housekeeping*, *USA Today*, *Insider*, *Fast Company*, *The Spruce*, *Digital Trends*, and others.

17.    simplehuman extensively advertises and promotes its products bearing the Top Rim Trade Dress, including through its website and social media sites, trade shows, and advertisements.

18.    simplehuman has derived over a hundred million dollars in revenue from sales of products bearing the Top Rim Trade Dress in the United States.

19.    As a result of simplehuman's widespread use and display of the Top Rim Trade Dress, (a) the public has come to recognize and identify products bearing the Top Rim Trade Dress as emanating from simplehuman, (b) the public recognizes that products bearing the Top Rim Trade Dress constitute high quality

products that conform to the specifications created by simplehuman, and (c) the Top Rim Trade Dress has established strong secondary meaning and extensive goodwill.

20.    The Top Rim Trade Dress serves to identify and distinguish simplehuman's products from those of others. simplehuman has strong common law rights in the Top Rim Trade Dress. Customers readily recognize the Top Rim Trade Dress as a distinctive designation of origin of simplehuman products. The public recognizes that the products bearing the Top Rim Trade Dress constitute high-quality products that conform to the specifications created by simplehuman. The Top Rim Trade Dress has great value as a specific identifier of simplehuman's products.

21.    The Top Rim Trade Dress is non-functional. The design features embodied by the Top Rim Trade Dress are not essential to the function of the product, do not make the product cheaper or easier to manufacture, and do not affect the quality of the product. The design elements of the Top Rim Trade Dress are not a competitive necessity for trash can products.

22.    Examples of commercially available alternatives to the Top Rim Trade Dress are depicted in the table below:

| | | | |
|---|---|---|---|
|  | *"Amazon Basics 20 Liter Soft-Close Trash Can"* product |  | *"United Solutions Highboy Waste Container"* product |



"*Umbra Studio Venti Trash Can*" product

"*Brabantia Bo Step Can*" product

"*Joseph Titan Trash Can*" product

23.    Further, the design features of the Top Rim Trade Dress are not comparatively simple or inexpensive to manufacture because the elements are more complex than other trash cans.  For example, the use of metal in the Top Rim Trade Dress makes trash cans bearing the Top Rim Trade Dress more expensive to manufacture than other trash cans.  As a further example, the Top Rim Trade Dress, in some circumstances, adds additional components to the trash can, making it more expensive to manufacture.  The design features of the Top Rim Trade Dress do not affect the quality of the product.  The design of the Top Rim Trade Dress is not a competitive necessity.

24.    Volume Brands is engaged in the business of selling houseware, kitchen, bathroom, laundry, and other household products including trash cans.

25.    Subsequent to simplehuman's use and adoption of the Top Rim Trade Dress and without the permission or consent of simplehuman, Volume Brands has

advertised, marketed, promoted, sold, and/or offered for sale trash cans bearing designs that are confusingly similar to the Top Rim Trade Dress.  Two specific examples of the various Volume Brands designs that infringe the Top Rim Trae Dress are shown below (the "Volume Brands Trash Cans"):

| Volume Brands Trash Can I | Volume Brands Trash Can II |
| --- | --- |
|  | |

26.     Volume Brands has copied simplehuman's Top Rim Trade Dress in an attempt to benefit from the immense goodwill simplehuman has created in the marketplace.

27.     simplehuman is informed and believes, and based thereon alleges that Volume Brands intended to blatantly copy simplehuman's design and pass off its products as simplehuman's products to misappropriate the immense goodwill that simplehuman has spent enormous time, effort, and expense to cultivate in the marketplace.

28.     On March 3, 2023, simplehuman wrote to Volume Brands regarding its intended demonstration of the infringing products during the Inspired Home Show in Chicago, Illinois beginning on March 4, 2023. In the letter, simplehuman demanded, *inter alia*, that Volume Brands remove the infringing products from the

Inspired Home Show and cease selling products that infringe the Top Rim Trade Dress or the '165 Patent.

29.    Despite simplehuman's letter, Volume Brands advertised the infringing products at the Inspired Home Show and has continued to sell the infringing products.

30.    Volume Brands uses the Top Rim Trade Dress in connection with substantially identical trash can products sold to substantially identical consumers and through overlapping trade and marketing channels.  For example, Volume Brands' infringing products copying the Top Rim Trade Dress can be purchased on Amazon, as shown in the image below:



Available at https://www.amazon.com/stores/page/4471027F-1D66-48F1-A9CD-F0B258921257. Similarly, simplehuman products bearing the Top Rim Trade Dress can be purchased through Amazon, as shown in the image below:



Available at https://www.amazon.com/simplehuman-Rectangular-Soft-Close-Stainless-Hands-Free/dp/B0815X9RSG.

31.     Volume Brands' use of the Top Rim Trade Dress in commerce is likely to cause confusion, cause mistake, and to deceive as to affiliation, connection, or association of Defendant and/or its products with simplehuman when there is none.

32.     Volume Brands' acts complained of herein have caused simplehuman to suffer irreparable injury to its business.  simplehuman will continue to suffer substantial loss and irreparable injury unless and until Volume Brands is enjoined from its willful actions complained of herein.

33.     simplehuman is informed and believes, and on that basis alleges, that Volume Brands' acts complained of herein are willful and deliberate.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF THE '165 PATENT (35 U.S.C. § 271)

34.     simplehuman repeats and re-alleges the allegations in Paragraphs 1-33 of this Complaint as if set forth fully herein.

35.     Volume Brands, through its agents, employees, and/or servants has knowingly, intentionally, and willfully infringed the '165 Patent either literally or

under the doctrine of equivalents, through, for example, the manufacture, use, sale, offer for sale, and/or importation into the United States of products including the Volume Brands Trash Cans that infringed the '165 Patent. For example, as shown in the chart of an exemplary Volume Brands Trash Can below, Volume Brands infringes at least Claim 1 of the '165 Patent:

| '165 Patent Claim 1 | Exemplary Volume Brands Trash Can |
|---|---|
| A trash can assembly comprising: |  |
| a body component comprising a lower base, an upper opening, and a front upper edge; and |  |

-10-

| '165 Patent Claim 1 | Exemplary Volume Brands Trash Can |
|---|---|
| a lid assembly configured to couple with the body component, the lid assembly comprising: |  |
| a lid configured to rotate, relative to the body, between a lower position and an upper position; and |  |
| a trim member configured to rotate between a closed position and an open position, wherein: |  |

| '165 Patent Claim 1 | Exemplary Volume Brands Trash Can |
|---|---|
| in the closed position, a front of the trim member is adjacent the front upper edge of the body component; and in the open position, the front of the trim member is spaced apart from and vertically higher than the front upper edge of the body component; and |  |
| a power transmission device configured to drive the lid between the lower position and the upper position; and |  |
| a retaining mechanism configured to maintain the trim member in the open position against the force of gravity. |  |

36.    As a direct and proximate result of Volume Brands' acts of infringement, Volume Brands has derived and received gains, profits, and advantages in an amount that is not presently known to simplehuman.

37.    Pursuant to 35 U.S.C. § 284, simplehuman is entitled to damages for Volume Brands' infringing acts and treble damages together with interests and costs as fixed by this Court.

38.    Pursuant to 35 U.S.C. § 285, simplehuman is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

39.    Due to the aforesaid infringing acts, simplehuman has suffered great and irreparable injury, for which simplehuman has no adequate remedy at law.

40.    Volume Brands will continue to willfully infringe simplehuman's patent rights to the great and irreparable injury of simplehuman unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF THE '263 PATENT (35 U.S.C. § 271)

41.    simplehuman repeats and re-alleges the allegations in Paragraphs 1-33 of this Complaint as if set forth fully herein.

42.    Volume Brands, through its agents, employees, and/or servants has infringed the '263 Patent either literally or under the doctrine of equivalents, through, for example, the manufacture, use, sale, offer for sale, and/or importation into the United States of products including the Volume Brands Trash Cans that infringed the '263 Patent.  For example, as shown in the chart below, Defendant's Volume Brands Trash Cans infringed at least Claim 1 of the '263 Patent:

| '263 Patent Claim 1 | Exemplary Volume Brands Trash Can |
|---|---|
| A trash can assembly comprising: |  |
| a body component comprising an interior configured to receive a trash bag; |  |
| a lid rotatable between an upper position and a lower position, the lid comprising a front; |  |

-14-

| '263 Patent Claim 1 | Exemplary Volume Brands Trash Can |
|---|---|
| a trim member rotatable between an open position and a closed position, the trim member comprising a recess; and |  |
| a retainer configured to maintain the trim member in the open position against the force of gravity; |  |
| wherein the recess of the trim member receives the front of the lid when the trim member is in the closed position and the lid is in the lower position. |  |

43.    As a direct and proximate result of Volume Brands' acts of infringement, Volume Brands has derived and received gains, profits, and advantages in an amount that is not presently known to simplehuman.

/ / /

44.     Pursuant to 35 U.S.C. § 284, simplehuman is entitled to damages for Volume Brands' infringing acts and treble damages together with interests and costs as fixed by this Court.

45.     Pursuant to 35 U.S.C. § 285, simplehuman is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

46.     Due to the aforesaid infringing acts, simplehuman has suffered great and irreparable injury, for which simplehuman has no adequate remedy at law.

47.     Volume Brands will continue to infringe simplehuman's patent rights to the great and irreparable injury of simplehuman unless enjoined by this Court.

## THIRD CLAIM FOR RELIEF

## FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))

48.     simplehuman repeats and re-alleges the allegations in Paragraphs 1-33 of this Complaint as if set forth fully herein.

49.     This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

50.     As a result of the widespread use and promotion of simplehuman's Top Rim Trade Dress, the Top Rim Trade Dress has acquired secondary meaning to consumers and potential consumers, in that consumers and potential consumers have come to associate the Top Rim Trade Dress with simplehuman.

51.     Subsequent to simplehuman's use and adoption of the Top Rim Trade Dress, and the development of secondary meaning in that trade dress, Volume Brands has developed, manufactured, imported, promoted, offered for sale, and/or sold products that use trade dress that is confusingly similar to the Top Rim Trade Dress.  An example of Volume Brands' infringing use of the Top Rim Trade Dress, as shown below:

| Volume Brands Trash Can | simplehuman's Top Rim Trash Can |
|---|---|
|  |  |

52.     Volume Brands' use of the Top Rim Trade Dress in connection with its products is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Volume Brands with simplehuman.

53.     simplehuman is informed and believes, and based thereon alleges, that Volume Brands had actual knowledge of simplehuman's ownership and prior use of the Top Rim Trade Dress at least because simplehuman sent Volume Brands a letter on March 3, 2023 accusing Volume Brands of infringing the Top Rim Trade Dress.

54.     simplehuman is informed and believes, and based thereon alleges, that Volume Brands infringed simplehuman's Top Rim Trade Dress rights with the intent to unfairly compete with simplehuman, to trade upon simplehuman's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Volume Brands' products are associated with, sponsored by, originated from, or are approved by simplehuman, when they are not, resulting in a loss of reputation in, and mischaracterization of, simplehuman's products and its brand, damaging its marketability and saleability.

55.     Volume Brands' activities constitute willful and intentional infringement of simplehuman's trade dress rights in total disregard of

simplehuman's proprietary rights and were done despite Volume Brands' knowledge that its use of the Top Rim Trade Dress was and is in direct contravention of simplehuman's rights.

56.    simplehuman is informed and believes, and based thereon alleges, that Volume Brands has derived and received, and will continue to derive and receive, gains, profits, and advantages from Volume Brands' trade dress infringement in an amount that is not presently known to simplehuman.  By reason of Volume Brands' actions constituting trade dress infringement, simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

57.    Pursuant to 15 U.S.C. § 1117, simplehuman is entitled to recover (1) Volume Brands' profits, (2) any damages sustained by simplehuman, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such a sum as the court shall find to be just according to the circumstances of the case.  The Court may also award simplehuman its reasonable attorneys' fees for the necessity of bringing this claim.

58.    Due to Volume Brands' actions constituting trade dress infringement, simplehuman has suffered great and irreparable injury, for which simplehuman has no adequate remedy at law.

59.    Volume Brands will continue to infringe simplehuman's trade dress rights to the great and irreparable injury of simplehuman, unless and until Volume Brands is enjoined by this Court.

## FOURTH CLAIM FOR RELIEF

## FEDERAL UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

60.    simplehuman repeats and re-alleges the allegations in Paragraphs 1-33 and 48-59 of this Complaint as if set forth fully herein.

-18-

61.    This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

62.    Volume Brands' use of the Top Rim Trade Dress without simplehuman's consent, constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Volume Brands' products with simplehuman, or as to the origin, sponsorship, or approval of Volume Brands' products or commercial activities by simplehuman in violation of 15 U.S.C. § 1125(a).

63.    Volume Brands' use of the Top Rim Trade Dress without simplehuman's consent constitutes false designation or origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of Volume Brands' goods or commercial activities in violation of 15 U.S.C. § 1125(a).

64.    Such conduct by Volume Brands is likely to confuse, mislead, and deceive Volume Brands' customers, purchasers, and members of the public as to the origin of Volume Brands' products or cause the persons to believe that Volume Brands and/or its products have been sponsored, approved, authorized, or licensed by simplehuman or are in some way affiliated or connected with simplehuman, all in violation of 15 U.S.C. § 1125(a), and this constitutes unfair competition with simplehuman.

65.    simplehuman is informed and believes that Volume Brands' acts of false designation of origin and unfair competition have been willful and without regard to simplehuman's rights.

66.    simplehuman is informed and believes, and based thereon alleges, that Volume Brands has derived and received, and will continue to derive and receive, gains, profits, and advantages from Volume Brands' false designation of

-19-

origin, and unfair competition in an amount that is not presently known to simplehuman. By reason of Volume Brands' actions constituting false designation of origin and unfair competition, simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

67. Pursuant to 15 U.S.C. § 1117, simplehuman is entitled to recover (1) Volume Brands' profits, (2) any damages sustained by simplehuman, and (3) the costs of the action. In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such a sum as the court shall find to be just according to the circumstances of the case. The Court may also award simplehuman its reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

68. Due to Volume Brands' actions constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, simplehuman has suffered and continues to suffer great and irreparable injury, for which simplehuman has no adequate remedy at law.

69. Volume Brands will continue its false designation of origin and unfair competition, unless and until Volume Brands is enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

## STATE UNFAIR COMPETITION (California Business & Professions Code § 17200, *et seq.* and California Common Law)

70. simplehuman repeats and re-alleges the allegations the allegations in Paragraphs 1-33 and 48-69 of this Complaint as if set forth fully herein.

71. This is a claim for unfair competition, arising under California Business and Professions Code § 17200, *et seq.* and California common law.

72. Volume Brands' acts of trade dress infringement and false designation of origin constitute unfair competition with simplehuman under the

common law and statutory laws of the State of California, particularly California
Business and Professions Code § 17200, *et seq.*

73.    Defendant's acts complained of herein constitute unfair competition,
and unlawful, unfair, malicious or fraudulent business practices, which have
injured and damaged simplehuman.

74.    By reason of Volume Brands' wrongful acts as alleged in this
Complaint, simplehuman has been damaged and is entitled to monetary relief in an
amount to be determined at trial.

75.    By its actions, Volume Brands has injured and violated the rights of
simplehuman and has irreparably injured simplehuman, and such irreparable injury
will continue unless Volume Brands is enjoined by this Court.

76.    Volume Brands engaged in its acts of unfair competition in violation
of the common law of California with malice, oppression, and fraud. Accordingly,
an award of punitive damages is appropriate in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, simplehuman prays for judgment in its favor against
Volume Brands for the following relief:

A.    An Order adjudging Volume Brands to have willfully infringed
the '165 Patent under 35 U.S.C. § 271;

B.    An Order adjudging Volume Brands to have infringed the '263 Patent
under 35 U.S.C. § 271;

C.    A preliminary and permanent injunction enjoining Volume Brands, its
officers, directors, agents, servants, employees, and attorneys, and those persons in
active concert or participation with Volume Brands from (1) making, using,
selling, offering to sell, and/or importing products that infringe the '165 Patent or
the '263 Patent, and (2) infringing the '165 Patent or the '263 Patent.

D.    An Order that Volume Brands pay to simplehuman actual damages in
the form of lost profits, or in the alternative, other damages adequate to

compensate for the infringement, but in no event less than a reasonable royalty for the use made of the '165 Patent and/or the '263 Patent, in accordance with 35 U.S.C. § 284.

E.      An Order that Volume Brands pay to simplehuman treble damages under 35 U.S.C. § 284 for its willful infringement of the '165 Patent.

F.      An Order adjudging that this case is exceptional under 35 U.S.C. § 285 and ordering Volume Brands to pay to simplehuman its reasonable attorneys' fees incurred in this action.

G.      An Order adjudging Volume Brands to have violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing simplehuman's Top Rim Trade Dress, unfairly competing with simplehuman, and falsely designating the origin of its products complained of herein;

H.      An Order adjudging that Volume Brands has violated California Business & Professions Code §§ 17200, *et seq.* and California common law by willfully committing trade dress infringement, and unfairly competing with simplehuman;

I.      That the Court issue a preliminary and permanent injunction against Volume Brands, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

    i.      manufacturing, importing, promoting, displaying, distributing, offering to sell, and/or selling Volume Brands' products shown above as infringing the Top Rim Trade Dress, or any products that are not colorably different therefrom;

    ii.      using simplehuman's Top Rim Trade Dress, or any other trade dress that is confusingly similar to such trade dress;

    iii.      falsely designating the origin of Volume Brands' products;

iv.    passing off Volume Brands' products as those of simplehuman's;

v.    misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Volume Brands' products;

vi.    unfairly competing with simplehuman in any manner whatsoever;

vii.    causing a likelihood of confusion or injuries to simplehuman's business reputation; and

viii.    manufacturing, importing, promoting, displaying, distributing, offering to sell, and/or selling any products that infringe the Top Rim Trade Dress.

J.    That Volume Brands be directed to file with this Court and serve on simplehuman within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116.

K.    That simplehuman be awarded its actual damages caused by Volume Brands' acts complained of herein;

L.    That Volume Brands be required to account to simplehuman for any and all profits derived by Volume Brands by virtue of Volume Brands' acts complained of herein;

M.    That simplehuman be awarded exemplary damages from Volume Brands pursuant to Cal. Civ. Code § 3294;

N.    An Order adjudging that this is an exceptional case under 15 U.S.C. § 1117;

O.    An award to simplehuman of the attorneys' fees, expenses, and costs incurred by simplehuman in connection with this action pursuant to 15 U.S.C. § 1117, and/or California common law;

/ / /

-23-

P.    That Volume Brands be required to deliver and destroy all goods, advertising, and other unauthorized materials bearing trade dress that are essentially identical to, colorable imitations of, or confusingly similar to simplehuman's Top Rim Trade Dress, pursuant to 15 U.S.C. § 1118;

Q.    That Volume Brands' actions be deemed willful;

R.    An award of pre-judgment and post-judgment interest and costs of this action against Volume Brands;

S.    That simplehuman be awarded any such other relief that the circumstances may require and that the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 24, 2023          By: /s/ Ali S. Razai

Ali S. Razai
Matthew S. Bellinger
Brandon G. Smith

Attorneys for Plaintiff
simplehuman, LLC

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff simplehuman hereby demands a jury trial, as provided by Rule 38 of the Federal Rules of Civil Procedure, on all claims that are triable to a jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 24, 2023          By: */s/ Ali S. Razai*
                                              Ali S. Razai
                                              Matthew S. Bellinger
                                              Brandon G. Smith

                                              Attorneys for Plaintiff
                                              simplehuman, LLC

-25-